## JOSEPH TULLY vs. THE COMMONWEALTH.

In an indictment on the Rev. Sts. c. 126, § 10, charging the defendant with breaking and entering a dwellinghouse in the night time, with intent to commit a felony, it is not necessary to aver that the offence was committed ' burglariously.'

By the Rev. Sts. c. 126, stealing in a dwellinghouse, in the night time, property not exceeding the value of $ 100, is punishable as a simple larceny only, by imprisonment not more than one year; and if a defendant, convicted of such offence, is sentenced to any term of solitary imprisonment, in addition to one year's confinement to hard labor, such sentence is erroneous, and will be reversed on a writ of error.

THREE writs of error to reverse three judgments of the municipal court, rendered at the February term, 1840.

By the first of these judgments, the plaintiff in error was sentenced to confinement in the state prison, on being found guilty under an indictment which alleged that he, at Boston, on the 9th of January 1840, " in the night time of said day, with force and arms, did, with intent to commit the crime of larceny, break and enter the dwellinghouse of one Calvin Ellis, there situate, said Tully not being armed, nor arming himself in said house, with a dangerous weapon, nor making any assault upon any person then being lawfully therein, against the peace," &c.

By the second of said judgments, the plaintiff in error was sentenced to three days' solitary imprisonment, and afterwards to two years' confinement to hard labor, in the state prison, for stealing property of less value than $ 100 from a dwellinghouse, in the night time : And by the third of said judgments, he was sentenced, for a like offence, to three days' solitary imprisonment, and afterwards to one year's hard labor in said prison.

*G. Bemis*, for the plaintiff in error.

*Austin*, (Attorney General,) for the Commonwealth.

SHAW, C. J. The indictment, which is the foundation of the *first* judgment now sought to be reversed, charges the prisoner with the offence, which for convenience may be denominated burglary in the second degree. It is founded upon Rev. Sts. c. 126, § 10. The next preceding section prescribed the punishment of death against any person who should break and enter any dwellinghouse, in the night time, with intent to commit the crime of murder, rape, robbery, larceny, or any other

felony, &c. being armed. This has been since altered to punishment by imprisonment in the state prison for life, by *St.* 1839, *c.* 127. Immediately following the foregoing provision of the revised statutes comes the section on which the prisoner was indicted ; and it describes the crime in the same terms, except, " the offender not being armed, as charged in the present indictment. The prisoner was convicted, and sentenced to three years' hard labor and five days' solitary imprisonment in the state prison. The error assigned is, that the act is not alleged to have been done " burglariously."

The court are of opinion that the judgment is not, for this cause, erroneous. It is to be observed, that in neither of these sections of the revised statutes — the one making the highest degree punishable with death, and the other punishable by imprisonment not exceeding 20 years — have the legislature used the term *burglary*, or *burglarious*. Each section embraces all the ingredients necessary to constitute the crime intended to be punished. Each of the facts and circumstances, necessary to constitute this statute offence, is alleged against the prisoner, in the present indictment.

We think the distinction is this : When the statute punishes an offence, by its legal designation, without enumerating the acts which constitute it, then it is necessary to use the terms which technically charge the offence named, at common law. As for instance ; the Rev. Sts. *c.* 125, § 1, declare that every person, who shall commit the crime of murder, shall suffer the punishment of death. Here the statute does not enumerate the acts which constitute murder ; it refers for that to the common law. In such cases, the forms and technical terms, used at common law to describe and define the murder, must be used. But we think this is not necessary, when the statute describes the whole offence, and the indictment charges the crime in the words of the statute. This judgment, therefore, is affirmed.

The *second* judgment against the prisoner is upon an indictment in which he is charged with stealing property of less value than $ 100, in a dwellinghouse, in the night time. On conviction, he was sentenced to solitary imprisonment three days, and afterwards to hard labor for two years, in the state prison.

It was decided in the case of *Hopkins* v. *The Commonwealth,* 3 Met. 460, that stealing from a dwellinghouse in the night time is not made an aggravated larceny by the Rev. Sts. *c.* 126. The result is, that the prisoner could be sentenced for the larceny only ; and the property being under $ 100, the imprisonment could not, by law, exceed one year. Rev. Sts. *c.* 126, § 17. This judgment being for a longer period, is in that respect erroneous, and must be reversed.

The *third* judgment, now brought before us, is also upon an indictment for stealing in the night time, in a dwellinghouse, property of less value than $ 100 ; and it presents distinctly the question whether solitary imprisonment is a part of the entire term, for which a prisoner, convicted of stealing less than $ 100, is liable. Being of opinion that it must be so considered, the sentence for three days more was not warranted by law This judgment is therefore erroneous, and must be reversed.